In the Matter of the Petition of GERDA NOLL to Compel OTTO RUPRECHT and FREDERICK A. ALBRECHT, Executors, etc., to File an Intermediate Account. In the Matter of the Judicial Settlement of the Account of Proceedings of OTTO RUPRECHT and FREDERICK A. ALBRECHT, as Executors, etc., of RUDOLPH R. NOLL, Deceased. OTTO RUPRECHT and FREDERICK A. ALBRECHT, Individually and as Executors and Trustees, etc., of RUDOLPH R. NOLL, Deceased, Appellants; GERDA NOLL, MARTIN NEUMANN, Special Guardian for ELEANOR G. NOLL, WILLIAM HEINZ and OTTILIE ORPHAN HOME OF NEW YORK, Respondents.— In an accounting proceeding in the Surrogate's Court of Queens county, decree settling the accounts and discharging the executors modified in the following respects: The $150 item for accounting services in preparing tax returns is allowed executor Ruprecht, as directed in the will. The court is without authority to allow the $275 item for accountant's services as part of the disbursements of the petitioner, and it is disallowed. The testimony is not contradicted that the two items of $7.02 and $10.61 were debts of the decedent, and the executors should be credited therefor. As so modified, the decree is affirmed, in so far as an appeal is taken therefrom, without costs. In our opinion the sum allowed as counsel fee is a generous allowance. Lazansky, P. J., Young, Johnston and Adel, JJ., concur. Hagarty, J.: I dissent in part, being of opinion that the liabilities of the business which was conducted by Noll personally were, at the time of the death of Noll, liabilities of the estate and should be paid by the estate. Following the same reasoning, the

additional liabilities incurred up to the time of the incorporation of the business were estate liabilities under the terms of the will and should be paid by the estate; otherwise, I concur.